IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 03-2684L and No. 01-568L (consolidated)

(Filed: April 27, 2007)

| | |
|---|---|
| SHELDON PETERS WOLFCHILD, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

ORDER RESPECTING BELGARDE MOTION FOR INTERVENTION

   Pending before the court is a motion for intervention [434], filed March 1, 2007, by Kermit A. Belgarde, also known as Kermit Redeagle-Belgarde.  Mr. Belgarde, acting *pro se*, requests that this court permit him and "his relative[s]" to intervene as plaintiffs in the *Wolfchild* action.  The government opposes Mr. Belgarde's motion on a number of grounds, including that (1) the motion is untimely, (2) the motion fails to specify the number or identities of those persons other than Mr. Belgarde to whom the application for intervention pertains, and (3) the motion bears no indication that the unidentified relatives of Mr. Belgarde are members of his immediate family as would be required by Rule 83.1(c)(8) of the Rules of the U.S. Court of Federal Claims ("RCFC") for Mr. Belgarde, who is not a member of the bar of this court, to be able to represent them.  The government also contends that Mr. Belgarde's proffered complaint in intervention rests upon substantially different factual allegations than those of the original plaintiffs or other groups of intervening plaintiffs in the *Wolfchild* action.

   As explicated in the Opinion and Order entered on this date, in acting on applications to intervene under RCFC 24, the court weighs the potential prejudice to the existing parties that may ensue from allowing intervention against the potential prejudice to Mr. Belgarde that may result from denying his application for intervention.  Among other things, the court also considers whether the addition of parties would impair the court's ability to address the claims of the current parties in a timely and just fashion and to conduct the litigation in an efficient and proper way.

      Taking these factors into account, Mr. Belgarde's motion to intervene is GRANTED-IN-PART and DENIED-IN-PART.  Mr. Belgarde is permitted to intervene, but none of his unnamed "relative[s]" is so permitted.  Furthermore, given the somewhat divergent nature of Mr. Belgarde's asserted bases for relief from those claims that are now pending, and also in light of case-management considerations, Mr. Belgarde's claims shall be severed from these consolidated cases pursuant to RCFC 21, and the clerk shall cause Mr. Belgarde's complaint in intervention to serve as a complaint that initiates a new action in this court.  No filing fee shall be required in this regard.  This new action shall be deemed an action that is indirectly related to these consolidated cases.

      It is so ORDERED.

                                                            s/ Charles F. Lettow  
                                                            Judge